# Flournoy *v.* Smith *et al.*

Any person whose interests are affected by a judgment, may prosecute a writ
of error.

Where a deputy sheriff purchased land at a sheriff's sale, and the sale was
set aside by motion: *Held*, the deputy had sufficient interest in the judg-
ment to enable him to sue out a writ of error.

Where a deputy sheriff purchased land at sheriff's sale, the sale cannot be
set aside on motion. Such a proceeding is in violation of the constitutional
provision, which declares that no man shall be deprived of his life, liberty,
or property, except by due course of law.

ERROR from the circuit court of Madison county.

On the 3d of April, 1834, Graves W. Steel, for the use, &c.,
recovered a judgment in the circuit court of the county of Madi-
son against William F. Smith & Co., for the sum of 360 dollars
and 99 cents of damages, and 15 dollars and 75 cents costs.
Upon which a *fieri facias* issued on the 12th of June, of the
same year, returnable to the ensuing October term, which was
duly levied on a negro man, named Pigeon, and a forthcoming
bond taken and forfeited.

Upon the statutory judgment on this bond, a writ of *fieri
facias* was issued on the 3d of December, 1834, and 300 dollars
were made. An *alias fieri facias* was issued on the 29th of
June, 1835, which was levied on a tract of land described as the
east half of the southwest quarter of section No. 20, township 9,
range 3, east, which was sold on the 17th of August, of the same
year, and the judgment fully satisfied.

At the October term, 1835, a motion was made by the defendant
in error to set aside the sale of the land above specified, upon the
following facts.

The sale was properly advertised; but on the day of sale the
sheriff declared, that on account of his ill health he was unable
to conduct it, and constituted one Wesley Drane his deputy for
that purpose. The plaintiff in error was also a deputy of the

[Flournoy *v.* Smith *et al.*]

sheriff, and became the purchaser of the land, being the highest bidder, and received a title for the same from the sheriff.

Upon these facts the motion to set aside the said sale was sustained by the court below; and the cause brought into this court by writ of error.

The reasons for dismissing the writ of error, filed in this court, are the following:

1. The plaintiff in error was no party, or privy to the judgment which is sought to be reversed.

2. The said plaintiff has shown no authority for prosecuting this writ.

3. If authority was shown, the writ is irregular, being prosecuted in the name of the plaintiff in error, instead of the plaintiff below.

Mitchell and Tupper, for plaintiff in error.

When there is an open bidding before the master, under a decree for the sale of the *cestui que trust's* estate, the trustee is permitted to purchase, for that is an open auction of the estate. The rule against trustees purchasing, does not extend to trusts for persons of full age.   1 Cruise, 551.

A guardian *ad litem* in partition, may be a purchaser at a sale, made by the commissioners, pursuant to an order of the court.   11 Johns. Rep. 446.

Where there is a decree for the sale of the *cestui que trust's* estate, and an open bidding before the master, the trustee is permitted to purchase; for that is an open auction of the estate.   13 Johns. Rep. 223.

It is denied that the sheriff is a trustee, but if he be, the above doctrine will apply.   Except in official acts, the sheriff and his deputy are not identical.   The sheriff is the officer of the law equally bound to act for both parties, neither reposing any confidence—a leading ingredient in every instance of trust.

The title of a trustee to land will not be invalidated, when it has been sold by one who is appointed by law to sell it.   3 Ves. Jun. 741; note, 1st American from the third London edition.

Satifactory authority will be found in 14 Johns. Rep. 407 and

415; and 2 Johns. Rep. 88 and 226, where it is held, that such a sale is not void at law.

Hughes, *contra.*

Mr. Justice PRAY as to the motion.

If the proceedings and judgment upon this motion have validity at all, surely the interest of the plaintiff in error is directly affected by them; because he is to lose by them the advantages of his purchase. If, then, any person whose interest is affected by a judgment, may prosecute this writ, as the cases read at the bar clearly indicate, we are satisfied the present plaintiff in error is within the rule.

The motion must, therefore, be overruled, and the cause take its place on the docket for a final hearing. Dale *ex. dem. v.* Roosevelt, Cowen, 333.

The cause having been argued on its merits at a subsequent day of the term, Mr. Justice TROTTER delivered the opinion of the court.

Upon a judgment which Graves W. Steel, who sued for the use of N. & J. Dick & Co., recorded against William F. Smith & Co., the defendants in error, in the circuit court of Madison county, an execution was issued and levied upon a tract of land as the property of the defendants.

At the sale, Samuel M. Flournoy, the plaintiff in error, became the purchaser.

At the October term of the circuit court of Madison county, for the year 1835, a motion was made by the defendants in error to set aside the sale thus made. The motion was sustained by the court, and this is the error relied on by the plaintiff. This proceeding is based upon nothing more than the return of the officer, endorsed upon the writ of *fieri facias*, of the levy and sale of the land. No process was issued to bring Flournoy into court, or to make him a party to the motion. This is not, however, the chief objection to the proceeding. Flournoy, upon the face of the record before the court, had a valid title to the land by the sheriff's deed. His title could not be affected by any

· [Flournoy *v.* Smith *et al.*]

irregularity in the conduct of the officer who sold it. It was sufficient to protect his title that the sheriff had a legal writ of execution, founded on a judgment of a court of competent jurisdiction.  If his purchase was invalid, it must, therefore, have been so on account of some matter in *pais*.  It could be set aside on the ground of fraud, or any other fact which invalidated the contract.  But it is conceived that the court below had no power· to determine these questions under a mere suggestion or motion. The constitutional law of this country provides, that no man shall be deprived of his life, liberty or property, except by due course of law.  Is it according to any of the forms of proceeding, known to the common or statute law of this state, for the presiding judge in a court of common law to divest another of his title to the freehold in land, upon a naked motion?  A law which should confer such power, would be an infringement of the right of trial by jury, so cautiously guaranteed by our fundamental law to every citizen.

What is the effect of the judgment in this case?  It is to dispossess Flournoy of the land in question.  But how is the court to enforce its judgment?  Can it order a writ of *habere facias possessionem?*  Can it order the sheriff's deed to Flournoy to be delivered up to be cancelled?  Has the judgment that effect? ·Surely not.  It can then have no effect whatever, and is, therefore, totally void.

For this reason, the judgment of the court below must be reversed, and the motion dismissed.