Mr. Justice WAYNE
 

 delivered the opinion of the court.
 

 This suit is brought upon a promissory note, given in renewal of. a former note, which had been discounted by the defendants in error. The defendants in the court below deny that the plaintiffs have any right of action upon the note sued on, on the ground that the first note was tainted with usury.
 

 Such is' the law in such a case. The mere change of securities for the same usurious loan to the same party who received the usury, or to a person having notice of the usury, does not purge th'e original illegal consideration, so as to give a right of action on the new security. Every subsequent security given for a loan originally usurious, however remote or often renewed, is void. Tuthill
 
 v.
 
 Davis, 20 J. R. 285; Reed
 
 v.
 
 Smith, 9 Cow. 647, and the cases of Sauerwein v. Brunner, 1 Harr. & Gill, 477 ; Thomas
 
 v.
 
 Catheral, 5 Gill & Johns. 23, decided in .the courts of appeal in Maryland, under the statute of which state, it is said,. the note now sued upon is void. But such is -not the case before.us. The defendant, Walker, ha’d entered into "a contract with the United States to supply the navy with beef?" and to enable himself to do it, he applied to the bank, by letter dated the 30th January, for a loan of $25,000, and offered as a security a,- draft- upon E. Kane, the navy agent, and also to assign to the bank die beef which he might put up. The bank accepted his offer, but before Walker gave the draft upon Mr. Kane, or made the assignment, he drew his note on the 6th day of February, seven days after he had written his letter asking for a lorn, for $10,000, at ninety days, and handed it into bank;- which note, at maturity, was renewed by the note of the 9th May, now in suit. . This note, however, washot discounted until the 18th February, and when then done, .the proceeds, were not passed to his credit until the 22d. The. cause .of the delay, in both particulars, the proof in the case shows, was, that Walker did not, until the 19th of February, draw hisdraft.uponthe navy agent, as he had proposed to do, or make an .‘assignment fif..he beef to the bank, until tire 20th. He may or may not have passed the navy agent’s acceptance to the bank oh the day it is‘ dated, „dr-have delivered his deed for the beef the day after; but between thqse days and.the 22d inclusive, he did so, and the bank’s security being then in its possession ás he had offered it, the proceeds
 
 *72
 
 of his $10,000 note was, on the last mentioned day, passed to his' credit. But, in the mean time, Walker had drawn out of the bank, upon his checks, morerthan seven thousand dollars, with which he was debited when the proceeds of bis note were carried to his credit; which sum and the interest upon it, computed for ninety-four days, from the date of the' note, left a balance to his credit of $997 86. .The computation of the interest from the 6th February; instead of •from the day when the proceeds were carried to his credit, is the usury complained of. The letter of the defendant of the 30th January, asking for the loan of $25,000; the acceptances, of his drafts upon the navy agent by that officer, and the defendant’s assignment to the bank of certain portions of the beef which he had on hand, and'which he might put up under his contract with the United States, and which ■ assignment 'was not executed until the 20th February, were in evidence before the court below. The assignment recites the defendant’s contract with the United States, so far vas it was • necessary to introduce the- contract which he was about to make in it with the bank; .then His indebtment to the bank for loans and discounts, his intention to secure the payment of the money due by him, and all drafts, note or notes that have been given for the same, or might be afterwards given by way of substitution or renewal of such drafts or notes, or any of them, &c., &c., and then states that the money which had already been advanced or loaned, or which might afterwards be advaneed-or loaned by the bank to the defendant, being for the purpose of enabling him to fulfil his contract with the United States. Now, the proof is positive, on both sides, that the note sued on was given in renewal of the note of the 6th February, which had first been given under his proposal for a loan, and that it was intended to be the note, the payment of which was to be secured by the assignment. Such being the .evidence, the court correctly refused every instruction which was asked to refer the question of .usury to the jury as a fact. It was a case of a written contract, in which the court had the exclusive power of deciding whether it was usurious or not. Levy
 
 v.
 
 Gadsby, 3 Cranch, 180. But, if it were'not so, we think the instructions, as they v?ere asked, could not Have been given by the court to the jury. Each' of them called upon the court to give an opinion upon the sufficiency of the evidence, and in all of them, except the eighth, there was a separation of the facts from the entire evidence, so as to bring them under the cases of Scott
 
 v.
 
 Lloyd, 9 Peters, 418; Greenleaf
 
 v.
 
 Booth, 9 Peters, 292; and that of the Chesapeake and Ohio Canal Co.
 
 v.
 
 Knapp, 9 Peters, 541. Nor do we think that there was any error in the instruction given by the court to the jury under the defendant’s first prayer. The court sufficiently distinguish between the facts of the cashier’s evidence and His belief, and tell the jury that they are to determine by the facts whether the cashier’s inferences were justified.
 

 The judgment of the court is affirmed.