Mr. Justice ThacheR
delivered the opinion of the court.
This was a motion in the circuit court of Adams county, “ to quash the levy and sale made by the sheriff of Washington county, because that before said levy and sale, and after the judgment under which said execution issued, the said defendant became a bankrupt, under the act of congress, in such case made and provided, and because the said land was acquired by *461 said defendant, after his said bankruptcy, and because of the inadequacy of price, and other causes set forth in affidavits and exhibits.”
The facts of this case, as presented by the record, are different from those in Flournoy v. Smith et al. 3 How. 62, and probably present a much stronger case; but it must be observed that the decision in Flournoy v. Smith et al. was not made upon the merits of that case ; but upon the question of law, whether a motion could be entertained whereby to determine the merits, that is, whether a motion were the appropriate remedy. In that case, this court said : “ But it is conceived that the court below had no power to determine these questions, under a mere suggestion or motion. The constitutional law of this country provides, that no man shall be deprived of his liberty, life, or property, except by due course of law. Is it according to any of the forms of proceeding, known to the common law or statute law of this state, for the presiding judge, in a court of common law, to divest another of his title to the freehold in land, upon a naked motion ? A law which should confer such a power, would be an infringement of the right of trial by jury, so cautiously guaranteed by our fundamental law to every citizen. What is the effect of the judgment in this case? It is to dispossess Flournoy of the land in question. But how is the court to enforce its judgment ? Can it order a writ of habere facias pos-sessionem? Can it order the sheriff’s deed to Flournoy to be delivered up to be cancelled? Has the judgment that effect? Surely not. It can then have no effect whatever, and is, therefore, totally void. For this reason, the judgment of the court below must be reversed, and the motion dismissed.” It will be thus clearly seen, that a motion is not the remedy compatible for the end sought to be obtained, and that the circuit court did not err in overruling the motion.
Judgment affirmed.