ANN ELIZA HAMILTON v. CHARLOTTE MOORE.

1. ERROR: ACTION OF COURT IN WHICH APPELLANT HAS NO INTEREST, NOT GROUND OF ERROR.—A person who has been properly removed from the office of guardian, has no right to complain of so much of the decree as appoints a successor, upon the ground that the person appointed was not entitled to the office.

2. GUARDIAN: COURT MAY APPOINT AGAINST WISHES OF THE MOTHER.—The Probate Court, upon the revocation of the letters of guardianship of the mother, is not bound to regard her recommendation in the appointment of a successor.

APPEAL from the Probate Court of Adams county. Hon. R. Bullock, judge.

R. North, for appellant, cited 2 Barb. Ch. R. 216.

W. T. Martin, for appellee.

FISHER, J., delivered the opinion of the court.

The appellee being the aunt of two children of the appellant, and of whom the latter was guardian, filed this petition in the Probate

Court of Adams county, to have said letters of guardianship revoked on the ground of the immoral conduct of the mother, and of her unfitness for said trust; and praying that the guardianship might be committed to the petitioner.    The peculiar facts constituting the guardian's immoral conduct and course of life, not being denied, the petition was, in this respect, taken as confessed; the letters of guardianship revoked, and letters granted to the petitioner.

It is in the first place insisted that the mother had the right of selecting the person or persons to succeed her in the trust; and that if no objections could be urged against such person, he should have been appointed by the court.    The duty was one to be performed by the court, and certainly not by a person who had been adjudged unworthy to be continued in the trust.    But it is a sufficient answer to this and all the other objections, that the persons thus recommended by the mother do not appeal.    It is not pretended that the court erred in revoking her letters; and if she is satisfied with this part of the decree, she is not a party who can appeal from that part of it which appoints another guardian—for the reason that she has not been deprived thereby of the office of guardian.

The moment the point was settled that the mother could not longer be continued in the office of guardian, she, in a legal sense, stood indifferent, and the court was at liberty to pay only such regard to her recommendation as it would to any stranger.

Decree affirmed.