## Mississippi Railroad Commission *et al. v.* Gulf, M. & N. R. Co. *et al.*

(Division A.    June 5, 1934.)

[155 So. 212.    No. 30676.]

**Greek L. Rice,** Attorney-General (by **E. R. Holmes, Jr.,** of Jackson), and **Hilton & Hilton,** of Jackson, for appellants.

Flowers, Brown & Hester, of Jackson, for appellees.

May, Sanders, McLaurin & Byrd, of Jackson, amici curiae.

Argued orally by **E. R. Holmes, Jr.,** and **R. T. Hilton,** for appellants, and by **J. T. Brown,** for appellees.

**McGowen, J.,** delivered the opinion of the court.

This is an appeal from a final decree of the chancery court wherein the establishment of a rate on sand and gravel by the railroad commission on July 5, 1932, was permanently enjoined as to the prescribed rates on said articles moving over two or more lines of railroad; said rates being ten cents per ton higher than that moving over a single line of railroad, or what is known in this proceeding as "joint line arbitrary." The court held that this differential, or "joint line arbitrary," was unreasonable, unjustified, and unenforceable.

In 1931, the railroad commission proceeded to revise the tariff of charges on sand and gravel and like products, entered an order adopting a composite scale of rates to be effective in January, 1932, and in February, 1932, thirteen gravel corporations filed a petition alleging that the 1931 rate was arbitrary, unfair, and destructive of their business. The railroad companies of this state were

notified that the commission would proceed to hear this petition, and on June 8, 1932, the following proceeding was had by the railroad commission:

"All railroads and parties in interest.

"In re; Rates on Sand, Gravel, etc., between points in Mississippi.

"Agreeable to notice duly given all parties in interest oral argument was heard in this cause on June 8, 1932, and the following motions were made with reference to same.

"Commissioner White made motion that scale proposed by witness Ribe for a single line movement be adopted and a differential of four and one-fourth cents per ton be added to single line rates for joint line movement.

"Motion lost for lack of second.

"Commissioner Brown made motion that scale proposed by witness Ribe for single line movement be adopted and a differential of ten cents per ton be added to single line rates for joint line movement.

"Motion lost for lack of second.

"No further motions were made with reference to this cause."

No order was made by the railroad commission continuing the cause or evincing any design to take any further action on this petition.

On July 1, 1932, thereafter, the railroad commission caused to be sent out notice to the railroad companies in this state that the commission would consider a revision of the rates on sand and gravel, and on July 5th, pursuant to this notice, the railroad commission entered the order adopting the rates proposed by Ribe with the joint line arbitrary of ten cents per ton where the hauling of the products was over more than one line of railroad.

The appellee the G. M. & N. R. R. Co. contended, by its bill and argument, that, by the action of June 8, 1932, considering a revision of rates on sand and gravel by the railroad commission, the matter was fully terminated on that day; there being no order entered on the minutes

of the railroad commission continuing the case as required by law.

We are of the opinion that in the state of the record as set forth the railroad commission lost jurisdiction of the matter then pending before it, and that it could not, at a subsequent meeting, revise the tariff charges on sand and gravel, without giving ten days' notice as required by section 7032, Code 1930, providing that railroads *must* be given ten days' notice of the time and place at which any revision of its tariff of charges, or complaint concerning the same, will be considered. The statute is mandatory, and this notice was not given.

The railroad commission derives its power to act from the legislative authority conferred upon it by chapter 170, Code 1930 (section 7023 et seq.).

But it is insisted by the railroad commission that the matter was not disposed of when the proposed tariff charges could not be adopted because no movant could secure a second to his motion, and the cause stood continued by operation of law without any order on its minutes. Section 7029, Code 1930, requires the railroad commission to keep regular minutes of its proceedings, which shall be a public record, and all orders, findings, and acts of the commission shall be entered on such minutes, and two members shall constitute a quorum.

Section 7031, Code 1930, provides that the docket shall be called at each regular meeting of the board, and the cases thereon disposed of, or, if necessary, continued until the next meeting.

The commission made no order continuing the cause. If it had made such an order on its minutes, that would have been an adjudication that a further hearing was necessary.

We are of the opinion that the matter was finally discontinued by the act which we have heretofore set forth. The proceeding was one to revise the tariff charges on sand and gravel to be enforced in the future upon the common carriers and the public of this state. It was a

matter of general public interest. If any member of the commission had deemed it necessary to continue the cause and the majority of the commission had agreed with him, then it was necessary that the minutes show this act; otherwise the public and parties in interest would have no notice of the future intention of the railroad commission. If the commission desires to hear any matter, an order of continuance is a requisite to the further hearing at a subsequent. meeting. The statute, section 7029, Code 1930, was enacted in order to prevent a star chamber proceeding, so vitally affecting consumers, the public, and common carriers engaged in transporting these articles. The cause at bar was left as though all parties connected therewith were of the opinion that it was finally completed.

We called for additional briefs on this question on the idea that perhaps the matter of continuance in the situation here presented might be construed to be judicial rather than legislative, and that by summoning to our aid section 734, Code 1930, which is to the effect that all cases not disposed of stand continued as a matter of law without an entry on the minutes of the court, we might be enabled to solve the question in favor of the validity of the order of July 5, 1932. The question, however, before the railroad commission, was the revision of tariffs on sand and gravel in the future, and this court has decided that precise question to be legislative and not judicial. See Cumberland Telephone & Telegraph Co. v. State, 135 Miss. 835, 100 So. 378, and Illinois C. R. R. Co. v.Miss. Railroad Commission, 143 Miss. 805, 109 So. 868. Being a legislative act and not judicial, section 734, Code 1930, has no application in this case. The minutes of the meeting of June 8, 1932, show conclusively that there was a discontinuance of the cause, and, at common law, a case was discontinued when and if the court failed to keep it alive by orders entered continuing the cause. See Germania, etc., v. Francis, 52 Miss. 457, 24 Am. Rep. 674.

The cause having been discontinued by failure to enter

on the minutes that a continuance thereof was necessary, it follows that the order of July 5th, sought to be enjoined here, was a nullity, and that the injunction should have been made permanent against the enforcement of this order undertaking to fix the tariff charges on sand and gravel on July 5, 1932.

There is authority holding that the failure to pass the affirmative proposal by a majority of the legislative body, as in the case at bar, amounts to an adverse disposition of the matter as against the proponents thereof—the action proposed is defeated. See Chicago Rys. Co. v. Commerce Commission, 336 Ill. 51, 167 N. E. 840, 67 A. L. R. 938. However, we do not now so decide, being of the opinion that it was essential then and there for the railroad commission to determine the necessity for future consideration of the cause, and, if by it determined necessary to continue, so to say by its minutes.

The case here discloses a want of jurisdiction for want of process, and the cases of Hunt v. Wright, 70 Miss. 298, 11 So. 608, and Ex parte Wren, 63 Miss. 512, 56 Am. Rep. 825, are not applicable for the reason that by the statute the process is a prerequisite to the validity of the order in question. Without it, the legislature has not empowered the commission to act in the given case.

It follows from this conclusion that we do not pass upon the question of whether or not the ten-cent joint line arbitrary was reasonable or unreasonable.

The decree of the lower court will be affirmed as modified, and the decree here will be in conformity with this opinion.

Affirmed as modified.