Frances MARR, Executrix of the Estate of Wilbur A. Marr, Dec'd, Plaintiff in Error,

v.

AMERICAN FLYERS AIRLINE CORPORATION, a corporation, Defendant in Error.

No. 42329.

Supreme Court of Oklahoma.

July 9, 1968.

John D. Cheek, Alex Cheek, of Cheek, Cheek & Cheek, Oklahoma City, Earl Q. Gray, Ardmore, for plaintiff in error.

Watts, Looney, Nichols & Johnson, by Burton J. Johnson, Oklahoma City, for defendant in error.

Harry L. Bickford, of Wallace & Bickford, Ardmore, amici curiae.

DAVISON, Justice.

Frances Marr, Executrix of the Estate of Wilbur A. Marr, Dec'd, (plaintiff below) appeals from an order dismissing her action for damages against American Flyers Airline Corporation (defendant below) for the wrongful death of her husband.

Plaintiff's petition and amendment to petition alleged her husband was employed by the defendant as a full-time transport pilot to perform the duties of a co-pilot and first officer on commercial transport aircraft, with no ground duties as a mechanic or laborer; that deceased was not an aircraft instructor and was not employed by a "manufacturing company of aircraft;" and that because of certain alleged negligence and wrongful conduct of the defendant the aircraft crashed in Carter County, Oklahoma, causing the death of plaintiff's decedent, and injuring and killing the crew members and passengers aboard the aircraft. The defendant filed a special appearance and plea that the court had no jurisdiction of the matter for the reason the deceased was an employee of defendant at the time of the accident and plaintiff was confined and limited to the exclusive remedies provided by the Workmen's Compensation Law (85 O.S.1961, §§ 11 and 12) for the injuries and death. The lower court sustained the plea of no jurisdiction and dismissed the action.

The allegations of the petition present the question of whether, under the described circumstances, the pilot or co-pilot of a commercial aircraft engaged in transporting passengers for compensation are subject to the provisions of the Workmen's Compensation Law.

At this point we call attention to the rules of law set forth in Cooper v. Oklahoma City, Okl., 361 P.2d 483, as follows:

"In order for the State Industrial Court to have jurisdiction to award compensation to an employee and against an employer for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations or trades mentioned in 85 O.S.Supp.1959, § 2; or the facts must bring the branch or department of the business under said section governed by the phrase "hazardous employment", as defined in 85 O.S. 1951, § 3, as amended.

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

Title 85 O.S.1961, § 2, of the Law provides in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, * * * and work shops where machinery is used; * * * motor vehicles operating as motor carriers for the transportation of passengers or property for compensation, * * *"

The latter quoted portion of § 2, concerning motor vehicles, was incorporated in the Law by a 1941 amendment.

There are no words in § 2, or in § 3 of the Law defining words and terms appearing therein, that specifically name or refer to aircraft and the pilots and crew operating them as constituting a hazardous employment included in the Law. Section 3

does not define "motor vehicles." The answer to the above question depends on whether the words "motor vehicles" includes and covers aircraft.

In 8 Am.Jur.2d, Aviation, § 20, p. 638, there is the following statement:

"An airplane is in a class by itself. It has usually been held, in the absence of any express provisions on the subject calling for a different conclusion, not to be within the terms 'vehicle,' 'motor vehicle,' 'vessel,' or the like. There is said to be no synonym for word 'airplane' which can be used interchangeably with it, as the words 'car' and 'automobile' are used synonymously when speaking of motor-driven cars or vehicles which run on the ground."

In 2 C.J.S. Aerial Navigation § 34, pp. 912, 913, it is stated:

"An airplane has been held not to be a 'motor vehicle' within a law relating to the transportation of a motor vehicle, knowing it to have been stolen, in interstate or foreign commerce; * * *"

In the Annotation captioned "Airplane as within terms 'vehicle,' 'motor vehicle,' etc." appearing in 165 A.L.R. 916, is the following statement:

"Although the result is always contingent on the particular wording involved, it has been almost invariably held, in the construction of statutes and regulations, that airplanes are not within the terms 'vehicles,' 'motor vehicles,' etc."

McBoyle v. United States, 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816, (1931) involved theft of an airplane and conviction for transporting it in interstate commerce in violation of Act of Congress of October 29, 1919, c. 89, 41 Stat. 324, which stated "motor vehicle" included an automobile, automobile truck, automobile wagon, motorcycle, "or any other self-propelled vehicle not designed for running on rails; * * *." The issue was whether the statutory language was sufficient to cover an airplane. The opinion states that the quoted phrase "calls up the popular picture" and continues as follows:

"* * * For after including automobile truck, automobile wagon and motorcycle, the words 'any other self-propelled vehicle not designed for running on rails' still indicate that a vehicle in the popular sense, that is a vehicle running on land is the theme. It is a vehicle that runs, not something, not commonly called a vehicle, that flies. * * *"

and further:

"* * * When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it, very likely broader words would have been used."

To conform to the court ruling Congress in the definition of "Motor Vehicle" substituted "designed for running on land but not on rails" for the words "not designed for running on rails." In 1945 Congress amended the above Act to include "Aircraft" and defined the term to mean "any contrivance now known or hereafter invented, used, or designed for navigation of or for flight in the air." 18 U.S.C.A. § 2311.

A similar development took place in Oklahoma. Our statute, 21 O.S.1961, § 1720, as originally enacted in 1919, provided that it was a felony for a person to "steal an automobile or other automotive driven vehicle." In an amendment to the statute in 1945 "aircraft" was added to the list as subject to the provisions of this section.

These statutes reflect that in the field of criminal law an aircraft has a status different from those self-propelled vehicles ordinarily regarded as falling within the classification of "Motor vehicle" and "automotive driven vehicle." This distinction as to aircraft is also apparent in statutes dealing with civil matters.

In 3 O.S.Supp.1963, § 82, of the Aeronautics Commission Act, is this definition of Aircraft:

"(b) 'Aircraft' means any contrivance now known, or hereafter invented, used, or designed for navigation of or flight in the air or airspace."

The term "motor vehicle" is defined in 68 O.S.Supp.1965, § 2101 (formerly 47 O.S.Supp.1963, § 21–101) of the Vehicle Excise Tax Code, as follows:

"(a) The term 'motor vehicle' means and includes every automobile, truck, truck-tractor, or any motor bus or any self-propelled vehicle *not operated* or driven upon fixed rails or tracks · or *in the air* or on water." (emphasis supplied)

In 47 O.S.Supp.1965, § 161, dealing with Regulation of Motor Carriers we find the following definition:

"(a) The term 'motor vehicle' when used in this act shall mean any automobile, truck, truck-tractor, trailer or semi-trailer or any motor bus or any self-propelled vehicle not operated or driven upon fixed rails or tracks."

Subdivision (b) of said Section 161, defines "motor carrier" as any person, firm, business, etc., "operating any motor vehicle upon any public highway for the transportation of passengers or property for compensation * * *." Subdivision (c) of said Section 161, defines "Public Highway" as follows:

"(c) The term 'Public Highway' when used in this act means every public street, road or highway, or thoroughfare in this state, used by the public, whether actually dedicated to the public and accepted by the proper authorities or otherwise."

From these statutory definitions it is evident that the Legislature did not regard aircraft as falling within the category of "motor vehicles" when enacting laws on the above subjects.

In the Annotation in 98 A.L.R.2d 539, concerning what is a "motor vehicle" within the automobile guest requiring more than ordinary negligence to establish liability to gratuitous guests, it is stated at p. 544 as follows:

"The few cases in which the question whether an airplane is a 'motor vehicle' within the meaning of an automobile guest statute has been in issue have concluded that it is not."

Cases supporting this statement are Gridley v. Cardenas, 3 Wis.2d 623, 89 N.W.2d 286 and In re Hayden's Estate (Hayden v. Boyle), 174 Kan. 140, 254 P.2d 813, 36 A.L.R.2d 1278.

In Rich v. Finley, 325 Mass. 99, 89 N.E.2d 213, 12 A.L.R.2d 669, 676, it was held that a statute applying to actions arising out of a collision involving a "motor vehicle," was intended to apply to surface vehicles, and not to aircraft.

And in Byrd v. Piedmont Aviation, Inc., 256 N.C. 684, 124 S.E.2d 880, the court held that an airplane was not a "motor vehicle" within the purview of a non-resident motorist process statute permitting substitute service on the non-resident because of his operation of a motor vehicle on the public highways of the State, "or at any other place in this State."

In our opinion the words "motor vehicles," before and after the amendment of Section 2 of the Workmen's Compensation Law to include "motor vehicles operating as motor carriers," had in statutory and common usage become so fully identified with surface vehicles that if the Legislature had intended to include aircraft operating as motor carriers in the Law it would have mentioned them.

Defendant relies on Ft. Smith Aircraft Co. v. State Industrial Commission (1931) 151 Okl. 67, 1 P.2d 682. This case was prior to the 1941 amendment incorporating the "motor vehicle" provision in the Workmen's Compensation Law. The opinion affirms an award of compensation to an employee who was injured in an airplane crash while engaged in piloting the aircraft

for the purpose of instructing a student in operating and flying airplanes. Our reasons for affirming the award were that the employer's business operations were the building, cleaning, and repairing of airplanes where power-driven machiney was used, and at which flying and the operation of airplanes was taught, and came within the definition and meaning of a "factory" and "work shop" as used and covered by the Law; that the employee was employed as an instructor in flying and as an assistant mechanic and performed mechanical and manual labor; and that employee sustained an injury in performing an act which was fairly incidental to the prosecution of his employer's business. The opinion concludes with the following statement:

"The question of whether the Workmen's Compensation Act provides for the payment of compensation to a transport pilot for injuries sustained while engaged in the transportation of freight or passengers, in either interstate or intrastate commerce, is not involved in this case."

Defendant also relies on Sowinski v. State Industrial Commission (1945) 197 Okl. 240, 169 P.2d 752, in which we held that an employee injured while flying an airplane in connection with his duties as instructor of student pilots was covered by the Workmen's Compensation Law, where his employer was an aircraft manufacturing company, and the employee's work as an instructor was incident to, and an integral part of such business or industry, which was enumerated and defined as "hazardous" by the law.

The cases cited by defendant are not in point. The Ft. Smith Aircraft case, supra, was determined on the grounds above enumerated and the opinion expressly states that the question of whether the Law covers transport pilots while engaged in transportation of freight and passengers was not involved. Our conclusion in the Sowinski case was based on the ground that employee's work was incident to, and an integral part of a defined hazardous business. We have held herein that the "motor vehicle" provision in the Law does not include or classify aircraft operating as carriers as a hazardous employment. The plaintiff's petition and amendment to petition do not allege either directly or indirectly any of the circumstances found to exist in the cited cases that brought them within the Workmen's Compensation Law, and in fact allege they do not exist.

Defendant also cites South Mississippi Airways v. Chicago & Southern Airlines, 200 Miss. 329, 26 So.2d 455, 165 A.L.R. 906, in which the court held that a motor driven airplane was a motor vehicle, but that the Public Service Commission had no power to regulate them as a common carrier on "highways" because this term only applied to roads, streets and alleys on the ground. We do not agree with the general conclusion that an airplane is a motor vehicle, more especially when considered in connection with Oklahoma Workmen's Compensation Law, 85 O.S.1961, § 2.

Defendant cites Scotty's Flying & Dusting Service v. Neeser, Okl., 393 P.2d 842. In this case the employee was killed while engaged in crop dusting with an airplane and the State Industrial Court awarded death benefits. The question of whether the deceased was covered by the Workmen's Compensation Law was not presented to this court. The parties agreed that the sole question for our determination was whether the contract of employment was an Oklahoma contract and that was the only issue determined in the opinion. The case is not in point on the question presented by the instant appeal.

It is our conclusion that the words "motor vehicle operating as motor carriers for the transportation of passengers or property for compensation" in the Workmen's Compensation Law does not include aircraft operating as carriers. The lower court erred in sustaining the defendant's plea that the court had no jurisdiction and in dismissing the plaintiff's action.

The order of the lower court is reversed with directions to vacate the order of dismissal and reinstate the action.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.