328 So.2d 656 (1976)
MISSISSIPPI PUBLIC SERVICE COMMISSION
v.
CITY OF JACKSON.
No. 48539.
Supreme Court of Mississippi.
March 16, 1976.
*657 Bennett E. Smith, Jackson, Joe G. Moss, Raymond, for appellant.
Perry, Phillips, Crockett & Morrison, John E. Stone, Jackson, for appellee.
Before GILLESPIE, SMITH and ROBERTSON, JJ.
GILLESPIE, Chief Justice:
Pursuant to an ordinance adopted by the City of Jackson, hereinafter City, on October 5, 1971, the City agreed to purchase from Hinds-Rankin Metropolitan Water and Sewage Association, hereinafter Hirmet, certain facilities for the operation of a water utility beyond the City's corporate limits. Thereafter the City applied to the Mississippi Public Service Commission, hereinafter Commission, for approval of the proposed purchase and for a certificate of public convenience and necessity to operate the utility. The Commission approved the proposed purchase and issued the requested certificate of public convenience and necessity on January 16, 1973. The order contained no provision with reference to rates to be charged to water customers in the area more than one mile beyond the corporate limits. On August 17, 1973, without prior notice or hearing, the Commission issued a supplemental order fixing a rate schedule to be charged water customers in the newly certificated area beyond one mile from the city limits. City appealed to the Chancery Court of Hinds County, which court held (1) that the Commission lacked jurisdiction to regulate water rates charged by the City in the area in question, and (2) that issuance of the supplemental order violated due process because it was issued without prior notice or hearing.
This appeal presents two questions:

1. Does the Commission have statutory jurisdiction to regulate water rates charged by a municipality to its customers living more than one mile beyond the municipal limits in an area into which the municipality extended its water utility system after the effective date of the Public Utility Act of 1956 [Miss Gen.Laws, Ch. 372, §§ 1-40 (1956), codified in Miss. Code Ann. §§ 77-3-1 to 89 (1972)]?
The stated question is one purely of interpretation of Mississippi General Laws, *658 Chapter 372, sections 1-40 (1956). The introductory paragraph of the Act states as follows:
WHEREAS, the services of certain public utilities have been extended to large areas of the state, both within and outside of municipalities, and it is in the public interest that the Public Service Commission of the State of Mississippi be vested with authority to regulate such utilities' rates and services, so as to assure reasonably adequate services to the inhabitants of this state at rates which will be fair and reasonable to the consumer, and provide a fair return to said utilities, both of which objectives are necessary to the general welfare of this state.
Section 5 of the Act provides that no person shall construct, acquire, extend or operate equipment for the distribution of water for intrastate sale to the public for compensation without first obtaining from the Commission a certificate of convenience and necessity. Other provisions of the Act give the Commission jurisdiction over rates.
Section 1-H of the Act provides:
Any public utility as defined in paragraph D above, owned or operated by a municipality shall not be subject to the provisions of this act, except as to extension of utilities greater than one mile outside of corporate boundaries after the effective date of this act.
There is no conflict between section 1-H and that part of section 4[1] stating that the Commission shall not have jurisdiction to regulate the rates for the sale of gas, water or electricity by municipalities to such persons as said municipalities are authorized to serve.
When the 1956 Act was adopted, municipalities were exempt from rates charged or regulation as to purchasing, constructing, improving, enlarging, extending or repairing utility systems. Miss. Code Ann. § 21-27-29 (1972). Also, the existing law, when the 1956 Act was passed, provided that all municipalities owning or operating any system or systems could supply customers residing outside of the city within five miles of the corporate limits, provided customers could not be charged at a greater rate than twice the rate charged for such services within the municipality. Miss. Code Ann. § 21-27-39 (1972).
Reading all of these statutes together, it is apparent that the Public Utility Act of 1956 was intended to exempt from regulation municipal utility systems which municipalities were authorized by law to operate on March 29, 1956, the effective date of the Act.
It is likewise apparent that the Legislature intended that extensions of utilities greater than one mile beyond corporate boundaries after March 29, 1956, would be subject to the provisions of the Act as provided by section 1-H. All parts of a statute are to be given effect if possible. The interpretation we have placed upon the statute is the only one possible if the last clause of section 1-H is given any meaning. Moreover, it is reasonable for the Legislature to place municipally operated utilities  which were being operated one mile beyond corporate limits at the time the 1956 Act went into effect  in one category, and extensions made thereafter, in another. This is an apparent effort by the Legislature to give the utility customers outside the city protection against arbitrary and excessive rates. Those inside the municipality have the ballot to protect themselves *659 from excessive rates. But if municipal utilities, operating in areas outside corporate boundaries, are unregulated, the customers will have no effective political means of assuring reasonable rates. These are probably the considerations that caused the Legislature to place municipal utilities under the Act as to extensions greater than one mile outside corporate boundaries after March 29, 1956.
City also relies to some extent on the last sentence of section 5(d).[2] We are of the opinion that this sentence, exempting municipally operated utilities from regulation under the Act, refers to utilities operated inside the municipality. The context in which the exemption is made so indicates.

2. Is the rate order issued by the Commission without notice to the City void for failure to accord the City due process?

When the Commission issued its certificate of public convenience and necessity on January 16, 1973, it lost jurisdiction and no notice was given the City thereafter prior to the issuance of the rate order. We are of the opinion that the rate order was void as being violative of procedural due process. Cf. Mississippi Railroad Commission v. Gulf, M. & N. RR., 170 Miss. 724, 155 So. 212 (1934).
We hold that the Commission has jurisdiction to regulate rates charged by the City for water to customers in the area into which it extended its water utility after March 29, 1956, and which is beyond one mile from the corporate boundaries. The part of the chancery court's decree holding to the contrary is reversed. We affirm that part of the decree holding that the rate order issued by the Commission was void for lack of procedural due process. The Commission may proceed to initiate further proceedings to regulate rates in the area in question.
Reversed in part, affirmed in part, and rendered.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
NOTES
[1] Section 4 provides as follows: "Provided, further, the commission shall not have jurisdiction to regulate the rates for the following sale of commodities or services: (1) sales of gas, water or electricity by municipalities to such persons as said municipalities are authorized by law to serve; ..."
[2] Section 5(d) provides as follows: "When more than one utility, including co-operatives, operate within a municipality all such utilities, including co-operatives, shall be subject to rate regulation therein. Provided, further, that municipally operated utilities shall not be subject to regulation under this act."