**BARNES, Acting Commissioner, Department of Finance, v. CROWE, Commissioner, Department of Kentucky State Police.**

Court of Appeals of Kentucky.

June 19, 1951.

Squire N. Williams, Jr., Frankfort, for appellant.

Seth T. Boaz, Jr., Frankfort, for appellee.

WADDILL, Commissioner.

This action was instituted in the Franklin Circuit Court pursuant to the provisions of the Civil Code of Practice, Section 639a–1, seeking a declaration of the rights of the parties in this existing controversy.

A judgment was entered declaring that the Commissioner of Kentucky State Police has the authority under KRS 16.070 (1) to purchase aircraft for the use of that department in the performance of its functions. The pertinent part of KRS 16.070 (1), the construction of which is in issue reads as follows: "(1) The commissioner shall be the head and chief executive officer of the department. He shall provide for himself and each officer of the department, under the provisions of KRS 42.060 such uniforms, equipment and facilities, including motor vehicles, necessary to the performance of his or their respective duties, * * *."

KRS 446.080, provides:

"(1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and * * *.

* * * * * *

"(4) All words and phrases shall be construed according to the common and approved usage of language, but technical words and * * *."

The word "vehicle" is defined by Webster's New International Dictionary, Second Edition, as follows: "1. That in or on which a person or thing is or may be carried from one place to another, esp. along the ground, also through the air; * * *; a means of conveyance."

While not authority for the construction of the statute in question, it will be observed that in 1950 our legislature defined "motor vehicle" in connection with statutory liens, under KRS 376.281, as follows: "As used in KRS 376.270 and 376.280 'motor vehicle' shall include vehicles used or designed for navigation of or flight in the air, as well as those used or designed for operation on the public highways."

In MacKnight v. Federal Life Ins. Co., 278 Ill.App. 241, the word "vehicle" within an accident policy insuring against death from wrecking or disablement of any vehicle in which insured is riding, was held to apply to any conveyance, whether on land or on water or in the air.

The term "motor vehicle" is defined in Vol. 60 C.J.S., Motor Vehicles, § 1, page 109, to be: "A motor vehicle is a vehicle operated by a power developed within it-

self and used for the purpose of carrying passengers or materials and, as the term is used in the different statutes regulating such vehicles, it is generally defined as including all vehicles propelled by any power other than muscular power, except traction engines, road rollers, and such motor vehicles as run only upon rails or tracks * * *."

It is readily seen that the term "motor vehicle" as defined, is a means of conveyance that includes aircraft.

It is not necessary to confine the interpretation of his authority in purchasing aircraft for his department, entirely on the definition of "motor vehicle." He is also empowered by statute to provide "facilities," as are necessary to the performance of the duties of the department.

Present day law enforcement techniques employed by officials in the performance of a multiplicity of duties including the investigation and apprehension of criminals, make necessary modern and adequate police facilities. The use of aircraft being one that is now considered as essential.

Our concern is the authority for and not the wisdom of the purchase. In light of the definition of "motor vehicles," when coupled with the word "facilities," as used in the statute, is more than persuasive that the court properly adjudged that the appellee is invested with the authority to purchase aircraft for his department.

Judgment affirmed.