**Thomas H. LANE and Monroe Schneier, formerly trading as Lifetime Auto Accessories, Inc., Harrisburg, Pa.**

**v.**

**CONTINENTAL MANUFACTURING COMPANY, Jermyn, Pa.**

**Civ. A. No. 6144.**

United States District Court
M. D. Pennsylvania.
April 24, 1959.

statute enacted by the Congress of the United States. Therefore, the service of a summons upon a defendant in California which issued out of the District Court in the Middle District of Pennsylvania is insufficient to justify this Court taking jurisdiction. Accordingly, the service of process will be quashed and the Complaint dismissed in this action. An appropriate order will be filed with this opinion.

---

John J. Krafsig, Jr., Harrisburg, Pa., for plaintiffs.

O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., for defendant.

WATSON, District Judge.

Defendant has filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. One of the grounds upon which defendant bases his motion is that the defendant was not properly served with process in this action.

Service of process in the Federal judicial system is controlled by Rule 4(f) of the Federal Rules of Civil Procedure which provides:

"Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45."

In Reiter v. Illinois Nat. Cas. Co., 7 Cir., 1954, 213 F.2d 946, 950, that court stated that "The courts have held, without exception, that process served beyond the territorial limits of the state in which the District Court is held is invalid unless there is specific provision for such service by virtue of some statute."

This case does not come within any exception to the rule provided by any