405 F.2d 990
 FIRST BANK AND TRUST COMPANY, OF PRINCETON, KENTUCKY, Administrator of the Estate of Theodore Stanton, Deceased, and First Bank and Trust Company, Administrator of the Estate of Mary Louise Stanton, Deceased, Appellants,
v.
Janet Ann Brantley FEUQUAY, and Bert Gaskins, Executors of the will of E. D. Brantley, Deceased, Appellees.
 No. 18551.
 United States Court of Appeals Sixth Circuit.
 January 8, 1969.
 
 Charles A. Williams, Paducah, Ky., for appellants; Chas. A. Williams & Associates, Paducah, Ky., Johnstone & Eldred, Princeton, Ky., on brief.
 John L. Bennett, Louisville, Ky., for appellees; Hogan, Taylor, Denzer & Bennett, John L. Bennett, Louisville, Ky., on brief.
 Before EDWARDS, McCREE and COMBS, Circuit Judges.
 EDWARDS, Circuit Judge.
 
 
 1
 This appeal presents a single issue: whether or not the provision for substituted service on nonresidents (KRS Chapt. 188) contained in the Kentucky motor vehicle statutes (KRS Title XVI) authorizes the service here attempted upon nonresident defendants representing a deceased nonresident plane operator in an airplane negligence case involving a plane crash in Kentucky.
 
 
 2
 The District Judge for the United States District Court for the Western District of Kentucky, Paducah Division, concluded that it did not. He entered an order quashing service and dismissing the complaint. We affirm the quashing of service, but reverse the dismissal of the complaint.
 
 
 3
 The language of the statute principally relied upon by appellant follows:
 
 
 4
 "Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved." KRS 188.020
 
 
 5
 It is appellant's claim that an airplane is clearly a vehicle and that it has a motor, and hence is encompassed in the term "motor vehicle" as used in KRS 188.020.
 
 
 6
 Appellant also cites to us the definitions included in Chapter 188:
 
 
 7
 "As used in this chapter, unless the context requires otherwise: (1) `Motor vehicles' means all motor propelled vehicles, except electric and steam railways. (2) `Public highway' means every street, road or highway in this state." KRS 188.010
 
 
 8
 It is appellant's claim that when the statute undertook to define motor vehicle partly by listing exclusions and failed to include airplanes therein that this fact should be looked upon as conclusive. Appellant also cites as significant the omission of the term "public highway" from the language of the nonresident service provision KRS 188.020 previously cited.
 
 
 9
 Both sides concede that this exact issue has never reached the Court of Appeals of Kentucky where interpretation would control in this diversity case. But, surprisingly, long ago a closely parallel situation was decided by the Supreme Court of the United States.
 
 
 10
 In 1931 Mr. Justice Holmes reversed a conviction under the Dyer Act (18 U.S.C. § 408) where appellant had been convicted of illegal transportation of an airplane in interstate commerce:
 
 
 11
 "Section 2 defines the motor vehicles of which the transportation in interstate commerce is punished in § 3. The question is the meaning of the word `vehicle' in the phrase `any other self-propelled vehicle not designed for running on rails.' No doubt etymologically it is possible to use the word to signify a conveyance working on land, water or air, and sometimes legislation extends the use in that direction, e. g., land and air, water being separately provided for, in the Tariff Act, September 22, 1922, c. 356, § 401(b), 42 Stat. 858, 948. But in everyday speech `vehicle' calls up the picture of a thing moving on land. Thus in Rev.Stats. § 4 [1 U.S. C.A. § 4] intended, the Government suggests, rather to enlarge than to restrict the definition, vehicle includes every contrivance capable of being used `as a means of transportation on land.' And this is repeated, expressly excluding aircraft, in the Tariff Act, June 17, 1930, c. 497, § 401(b); 46 Stat. 590, 708 [19 U.S.C.A. § 1401]. So here, the phrase under discussion calls up the popular picture. For after including automobile truck, automobile wagon and motor cycle, the words `any other self-propelled vehicle not designed for running on rails' still indicate that a vehicle in the popular sense, that is a vehicle running on land is the theme. It is a vehicle that runs, not something, not commonly called a vehicle, that flies. Airplanes were well known in 1919, when this statute was passed; but it is admitted that they were not mentioned in the reports or in the debates in Congress.
 
 
 12
 * * * * * *
 
 
 13
 "When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft, simply because it may seem to us that a similar policy applies, or upon the speculation that, if the legislature had thought of it, very likely broader words would have been used. United States v. [Bhagat Singh] Thind, 261 U.S. 204, 209 [43 S.Ct. 338, 67 L.Ed. 616]." McBoyle v. United States, 283 U.S. 25, 26, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931).
 
 
 14
 The weight of authority on this question has tended in subsequent years to follow this view. Hayden v. Boyle, 174 Kan. 140, 254 P.2d 813, 36 A.L.R.2d 1278 (1953); Rich v. Finley, 325 Mass. 99, 89 N.E.2d 213, 12 A.L.R.2d 669 (1949); Byrd v. Piedmont Aviation, Inc., 256 N.C. 684, 124 S.E.2d 880 (1962); Newberger v. Pokrass, 27 Wis.2d 405, 134 N.W.2d 495 (1965); Gridley v. Cardenas, 3 Wis.2d 623, 89 N.W.2d 286 (1958). But see Barnes v. Crowe, 240 S.W.2d 604 (Ky.1951); South Mississippi Airways v. Chicago & Southern Airlines, 200 Miss. 329, 26 So.2d 455, 165 A.L.R. 906 (1946).
 
 
 15
 Since we, like Justice Holmes and the District Judge, simply do not think that the term "motor vehicle" as used in normal parlance applies to airplanes, this might end the matter; but for a case (Barnes v. Crowe, supra) where, again in a somewhat different context, the Kentucky Court of Appeals held that an airplane could be comprehended in the term "motor vehicle" — at least for purposes of allowing the Kentucky State Police Commissioner to buy an airplane under KRS 16.070(1) which provided in part:
 
 
 16
 "(1) The commissioner shall be the head and chief executive officer of the department. He shall provide for himself and each officer of the department, under the provisions of KRS 42.060 such uniforms, equipment and facilities, including motor vehicles, necessary to the performance of his or their respective duties, * * *." KRS 16.070
 
 
 17
 The Court of Appeals, after quoting a number of rather inconclusive definitions said:
 
 
 18
 "It is readily seen that the term `motor vehicle' as defined, is a means of conveyance that includes aircraft.
 
 
 19
 "It is not necessary to confine the interpretation of his authority in purchasing aircraft for his department, entirely on the definition of `motor vehicle.' He is also empowered by statute to provide `facilities,' as are necessary to the performance of the duties of the department.
 
 
 20
 "Present day law enforcement techniques employed by officials in the performance of a multiplicity of duties including the investigation and apprehension of criminals, make necessary modern and adequate police facilities. The use of aircraft being one that is now considered as essential.
 
 
 21
 "Our concern is the authority for and not the wisdom of the purchase. In light of the definition of `motor vehicles,' when coupled with the word `facilities,' as used in the statute, is more than persuasive that the court properly adjudged that the appellee is invested with the authority to purchase aircraft for his department." Barnes v. Crowe, 240 S.W.2d 604, 605 (Ky.1951).
 
 
 22
 We think it unlikely that the Court of Appeals would have reached the result above unaided by the total context of the statutory provision which included the broad word "facilities" and the added term "necessary to the performance of his * * * duties."
 
 
 23
 Further, we note reliance in the Barnes opinion on KRS 446.080 which provided then (and now), "All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature * * *."
 
 
 24
 One method of determining legislative intent when a statute is arguably ambiguous is to inspect the titles of the legislative acts by which a statute has been enacted, reenacted or amended. Bosworth v. State University, 166 Ky. 436, 179 S.W. 403, L.R.A.1917B, 808 (1915); May v. Clay-Gentry-Graves Tobacco Warehouse, 284 Ky. 502, 145 S.W.2d 84 (1940); 50 Am.Jur. Statutes §§ 310-314 (1962).
 
 
 25
 Examples of the titles found in the legislative history of KRS 188.010-.030 are as follows:
 
 KENTUCKY ACTS OF 1930, CHAPTER 80
 
 26
 "AN ACT providing for the service of process in civil suits on non-resident operators, or non-resident owners of motor vehicles operated within the Commonwealth of Kentucky and making the operation of such motor vehicles on the public highways of the Commonwealth of Kentucky the equivalent of the appointment of the Secretary of State of the Commonwealth of Kentucky as the agent of said non-resident upon whom civil process may be served and prescribing certain duties to said secretary of state and providing for further notice to the defendant in any such suit." (Emphasis added.)
 
 KENTUCKY ACTS OF 1954, CHAPTER 22
 
 27
 "AN ACT concerning service of process on nonresident motorists." (Emphasis added.)
 
 KENTUCKY ACTS OF 1960, CHAPTER 119
 
 28
 "AN ACT concerning service of process on nonresident motorists and service of process on motorists resident in the state who after the happening of the accident become nonresident." (Emphasis added.)
 
 
 29
 We believe that the term "nonresident motorist" as employed above is even less amenable to being defined as inclusive of an airplane pilot than "motor vehicle" is of being defined as inclusive of an airplane. And under no circumstances can we view the phrase "the operation of such motor vehicles on the public highways of the Commonwealth of Kentucky" as possibly inclusive of reference to air travel.[1]
 
 
 30
 It should be noted that these are not title or chapter heads written by codifiers or revisors. See KRS 446.140. They are the titles of the various acts under which the disputed portion of the nonresident service provision was enacted or reenacted.
 
 
 31
 The order appealed from to the extent it quashes service is affirmed. Since, however, the complaint states a cause of action and personal service is at least a theoretical possibility, we reverse the dismissal of the complaint, vacate the order, and remand for further proceedings in accordance with this opinion.
 
 
 
 Notes:
 
 
 [1]
 We do not read Stout v. Sutton, 434 S.W. 2d 316 (Ky.1968), decided by the Court of Appeals of Kentucky November 22, 1968, as inconsistent with this conclusion