**Roy F. ETHERIDGE, Appellant,**

**v.**

**GROVE MANUFACTURING COMPANY and Nixon Machinery & Supply Company, Appellees.**

**No. 19022.**

United States Court of Appeals
Sixth Circuit.

July 22, 1969.

As Amended Oct, 7, 1969.

---

Clifford L. Walters, Paducah, Ky., for appellant, Charles Allen Williams & Associates, Paducah, Ky., on brief.

Earle T. Shoup, Paducah, Ky., for appellee, Grove Mfg. Co.

George R. Effinger, Paducah, Ky., for appellee, Nixon Machinery & Supply Co., Andrew J. Russell, Boehl, Stopher, Graves & Deindoerfer, Paducah, Ky., on brief.

Before PHILLIPS, EDWARDS and COMBS, Circuit Judges.

PHILLIPS, Circuit Judge.

The appeal in this products liability personal injury action requires an interpretation of Kentucky's long arm statute of 1946, K.R.S. § 271.610. The broader long arm statute of 1968, K.R.S. § 454.-210 was not in effect at the time the accident occurred, September 20, 1966, or when the complaint was filed on September 19, 1967.

Jurisdiction is based upon diversity of citizenship. Kentucky law controls. The District Court dismissed the complaint and quashed service of process upon the defendants.

The subject of this litigation is a hydraulic crane equipped with an extension boom. The crane was manufactured by Grove Manufacturing Co. in Pennsylvania and sold by Grove to Nixon Machinery & Supply Co., a Tennessee distributor. It was delivered to Nixon in Chattanooga, Tennessee, by common carrier. Nixon then leased the crane in Tennessee to Blount Brothers Construction Co. of Montgomery, Alabama. Blount is not a party to this litigation. Nixon arranged for the crane to be delivered to Blount in Clarksville, Tennessee, by public carrier. The contractor used the crane on a construction project at Fort Campbell, a military reservation which is located both in Tennessee and Kentucky. The plaintiff is a Kentucky resident who was an employee of the contractor. He was injured while using this crane in that part of Fort Campbell situated in Kentucky.

The complaint alleges negligence on the part of defendants in the manufacture, delivery, maintenance and inspection of the crane and also breach of an express and implied warranty. Service of process was attempted on the defendants under K.R.S. § 271.610(2).

This statute, with that portion italicized which under our construction requires affirmance of the District Court, is as follows:

"Any foreign corporation that does business in this state without having complied with the provision of KRS 271.385 as to designation of process agent shall, by such doing of business, be deemed to have made the Secretary of State its agent for the service of process in any civil action instituted in the courts of this state against such corporation *involving a cause of action arising out of or connected with the doing of business by such corporation in this state.* The plaintiff in such an action shall set forth in his petition the post office address of the home office of the corporation." (Emphasis supplied.) K.R.S. § 271.610(2).

This section of the 1946 long arm statute contains two basic requirements which must be met before jurisdiction can be obtained over non-resident corporations: (1) the corporation must be doing business within Kentucky without having complied with the provisions of K.R.S. § 271.385 concerning the designation of a process agent, and (2) the cause of action must arise out of or be connected with the doing of business by the corporation in Kentucky. The District Court found that neither of these requirements had been met. We agree with the finding of the District Court only as to the second requirement.

As for the first requirement, the record shows that Grove had a salesman who called upon distributors in Kentucky, sold and shipped equipment into the State, and, on occasions, sent maintenance personnel into Kentucky to service equipment. Nixon employed salesmen who regularly solicited sales and sold a

significant amount of machinery in Kentucky, and paid the Kentucky sales tax. We think that both defendants under the record in this case had sufficient contacts with Kentucky in their business activities to be considered "doing business" within the jurisdictional due process standards. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir.); and Post v. American Cleaning Equipment Corp., 437 S.W.2d 516 (Ky.).

We therefore disagree with the conclusions reached by the District Court with respect to the first requirement of the 1946 Act.

The second requirement of the statute is that the cause of action must arise out of or be connected with the doing of business by the corporation in the State. Senior District Judge Roy M. Shelbourne said in his memorandum opinion:

"[N]either of the defendants had any connection in the State of Kentucky with the sale or lease of the accused crane, and hence the suit does not emanate and is not connected with any business done by either defendant in Kentucky. This is not a cause of action arising out of or connected with any business done by either of the defendants in the State of Kentucky as contemplated by Section 271.610(2), Kentucky Revised Statutes."

We agree with Judge Shelbourne's conclusion regarding this aspect of § 271.-610(2) as it applies to the present case.

Although the Kentucky Court of Appeals has construed and applied the 1946 long arm statute in a number of decisions, we are cited to no Kentucky case interpreting the second requirement of the statute. Nor have we found any Kentucky decision involving facts similar to those present here.

 The business which the defendants did in Kentucky was selling and servicing equipment. These business activities had nothing to do with the presence of this particular crane in Kentucky. Grove sold the crane to Nixon in Tennessee. At that point Grove's connection with the machine ceased. Grove did not have even a remote contact with this crane in Kentucky. Nixon, in turn, leased the crane in Tennessee to the Alabama contractor and delivered it in Tennessee. From that point forward Nixon had no control over the place where the crane was used. We hold that the District Judge was correct in finding that there was no relationship between the crane involved in this case and the business activities of defendants within Kentucky.

The plain language of § 271.610(2) requires that the cause of action, which in this case was an allegedly faulty crane, must have some connection with the business which the corporation does in the State. We cannot say that such a connection is present under the facts of this case.

Subsequent to the filing of the complaint the Kentucky legislature has enacted a new and broader long arm statute K.R.S. § 454.210, effective June 13, 1968. This new statute extends the permissible scope of jurisdiction over out-of-state corporations with minimal contacts in Kentucky.

In enacting the 1968 statute, the Kentucky Legislature recognized the narrowness and restrictiveness of the 1946 law. The caption and preamble of the 1968 statute is as follows:

"AN ACT relating to jurisdiction of the Courts of Kentucky.

"WHEREAS, persons have acted directly and through agents in the Commonwealth of Kentucky.

"WHEREAS, those persons have caused injury and property damage and financial inequities in the Commonwealth.

"WHEREAS, remedy cannot presently be had against those persons in our Courts due to their non-residence within the Commonwealth.

"WHEREAS, the progress and tranquility of our Commonwealth can be

best assured through the complete settlement of disputes."

Kentucky Acts 1968, p. 152.

We find no language in the 1968 statute expressing a legislative intent that it be retroactive in its application.

Appellants rely upon the decisions of this Court in Kroger Co. v. Dornbos, 408 F.2d 813 (6th Cir.), and Southern Machine Co. v. Mohasco Industries Inc., *supra*, 401 F.2d 374 (6th Cir.). In those cases this Court was dealing with the Tennessee long arm statute, which does not contain the restrictive second requirement of the 1946 Kentucky statute.

■ Since we find no reported decisions from the State Courts of Kentucky construing the second requirement of K.R.S. § 271.610(2), it is the obligation of this Court in this diversity case to exercise our best judgment as to the interpretation which the Court of Appeals of Kentucky would place upon this legislation. We must assume that the Kentucky Court of Appeals would hold that it is bound by the restrictive language used by the Legislature of Kentucky in enacting the 1946 statute. Unless and until the Court of Appeals of Kentucky adopts a contrary construction of the 1946 statute, this Court considers itself bound by the express language of the statute. We are unwilling to adopt the statutory construction urged upon by appellants, which in practical effect would constitute a judicial amendment to a legislative enactment by eliding the second requirement from K.R.S. § 271.-610(2).

■ The order appealed from is affirmed to the extent that it quashes service of process. Since, however, the complaint states a cause of action and personal service is at least a theoretical possibility, we reverse the dismissal of the complaint, vacate the order of the District Court, and remand for further proceedings not inconsistent with this opinion. First Bank & Trust Company of Princeton, Kentucky v. Feuquay, 405 F.2d 990, 993 (6th Cir.).