Margaret A. PETERSON, Plaintiff,

v.

Rosalie DICKISON, Defendant.

Civ. A. No. 71–299.

United States District Court,
W. D. Pennsylvania.

Nov. 19, 1971.

---

19. *See* United States v. Alonzo, 447 F.2d 126 (2d Cir. 1971); United States v. Gardner, 436 F.2d 381 (2d Cir. 1971).

Raymond L. Brennan, Pittsburgh, Pa., for plaintiff.

Gary F. Sharlock, of Mercer & Buckley, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

The plaintiff, Margaret A. Peterson, has filed this action in equity seeking to have her daughter, Rosalie Dickison, declared trustee *ex maleficio* of the sum of $23,000. The plaintiff's complaint alleges that on or about March 24, 1970, plaintiff was admitted to Saint Joseph's Hospital in the City of Pittsburgh, Pennsylvania, and advised by her doctors of the possibility that her condition was terminal. Upon being so advised, the plaintiff informed her daughter, Rosalie Dickison, that she had $23,000 secreted at various places at her home in Pittsburgh. Her daughter agreed to take possession of this money; deposit it in a joint bank account; and use it to pay for plaintiff's medical and personal needs while she was hospitalized. Plaintiff's daughter further agreed to deliver the balance of the fund to the plaintiff upon her release from the hospital or to retain any balance in the fund in the event the plaintiff died. Accordingly, on or about April 30, 1970, the plaintiff's daughter removed the money from the plaintiff's house.

In May of 1970 plaintiff was discharged from the hospital and requested her daughter to return the money; her daughter has refused such request, contending in a letter from her attorney to the plaintiff that the money was given as a gift *inter vivos*.[1]

The complaint, filed on March 25, 1971, avers that a fiduciary relationship existed between the plaintiff and the defendant. From the facts alleged, it seems that a confidential relationship can be inferred. The complaint avers that upon breach of the promise by the defendant, she became a trustee *ex maleficio*.

The complaint and summons were personally served on the defendant on May 6, 1971, at her residence in South Shore, Greenup County, Kentucky. It is undisputed that defendant is a citizen of the State of Kentucky and has no assets or other property within the jurisdiction of the Commonwealth of Pennsylvania.[2]

This case is presently before the court on defendant's motion pursuant to Rule 12(b) (2), Fed.R.Civ.P., to dismiss the complaint on the basis that this court has not acquired jurisdiction over the person of the defendant because the service of process was improper. Defendant contends that no statute of the United States or of the Commonwealth of Pennsylvania grants this court personal jurisdiction over the defendant, a resident of the state of Kentucky. On the other hand, plaintiff contends that the service on the defendant in Kentucky gave this court *in personam* jurisdiction and that, alternatively, if the court should find that the service in Kentucky was not proper, defendant waived her objection by having her attorney correspond with the plaintiff in Pennsylvania.

■ Proper service of process on defendants in civil litigation is controlled by the standards prescribed in Rule 4, Fed.R.Civ.P. Subsection (f) of this rule delineates the territorial limits of effective service by providing:

"(f) * * * All process * * * may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United

---

1. This letter has been marked as Exhibit "A" and attached to the plaintiff's brief.

2. See the sworn affidavit of the defendant filed on June 8, 1971.

States *or by these rules*, beyond the territorial limits of that state. \* \* " (Emphasis supplied.)

■ In the present case process was served beyond the territorial limits of Pennsylvania and no statute of the United States exists which authorizes extra-territorial service in an action such as the present one.[3] However, Rule 4(e), Fed.R.Civ.P., does provide an alternative possibility for valid personal service on a non-resident beyond the territorial limits of the state in which the district court is held. This rule reads in pertinent part:

"(e) \* \* \* Whenever a statute or rule of court of the state in which the district court is held provides \* \* \* for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, \* \* \* *service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.*" (Emphasis supplied.)

■ This subsection permits resort to state procedures for service on non-resident parties and authorizes service in original federal actions pursuant to state "long-arm" statutes and rules of court such as those permitting service on a state official as a means of bringing a non-resident defendant into court.[4] In order to dispose of defendant's motion, it is necessary to examine the Pennsylvania statutes and rules of court to ascertain if extra-territorial service is authorized under Pennsylvania law (1)

*under the circumstances* alleged in plaintiff's complaint, and (2) *in the manner* in which it was performed in this case. Martens v. Winder, 341 F.2d 197 (9th Cir. 1965); Jensen v. McInerney, 299 F.Supp. 1309 (D.C.V.I.1969); Adams Dairy Company v. National Dairy Products Corp., 293 F.Supp. 1135 (W.D.Mo. 1968).

Pennsylvania has recently passed a "long-arm" statute providing for jurisdiction of the courts of the Commonwealth of Pennsylvania over non-residents who commit a tortious act within the Commonwealth. (Act of July 1, 1970, P.L. ——, No. 152, 12 Purdon's Pa. Stat.Ann. § 341 et seq.).[5] This Act deals with procedural rights and applies to non-residents who committed tortious conduct in Pennsylvania before the passage of the Act. Sussman v. Yaffee, 443 Pa. 12, 275 A.2d 364 (1971). Rule 4(e), Fed.R.Civ.P., makes this state statute available to a federal court sitting in Pennsylvania. If the plaintiff's complaint alleges that the defendant has committed a tortious act in Pennsylvania, then this federal court would be capable of acquiring *in personam* jurisdiction. We must therefore consider the nature of plaintiff's complaint to determine if it states circumstances under which this court would be capable of acquiring jurisdiction under the cited statute,—a tortious act.

■ Under Pennsylvania law, whenever a person has obtained the property of another by fraud, he will be declared the trustee *ex maleficio* [6] of the property

---

3. See: Lane v. Continental Manufacturing Company, 23 F.R.D. 274 (M.D.Pa. 1959); Bogar v. Szentmiklosy, 4 F.R.D. 237 (W.D.Pa.1945).

4. See the Advisory Committee Note to the 1963 amendments to Rule 4, Fed.R.Civ.P.

5. "From and after the passage of this act, any non-resident of this Commonwealth who, acting individually, under or through a fictitious business name, or through an agent, servant or employe, shall have committed *a tortious act* within this Commonwealth, \* \* \* shall be conclusively presumed to have designated and constituted the Secretary of the Common-

wealth of Pennsylvania as his agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such individual." (Emphasis supplied.)

See also: Pennsylvania Rules of Civil Procedure, Rule 2079(a), 12 P.S. Appendix, which requires that service on non-residents be made upon the Secretary of the Commonwealth.

6. Black, Law Dictionary (4th ed., 1957), defines "*ex maleficio*" as "\* \* \* from or growing out of wrongdoing; tortious; tortiously; growing out of, or founded

for the benefit of the person who has been defrauded. The fraud necessary to invoke this rule can arise out of an abuse of confidence. Rice v. Braden, 243 Pa. 141, 89 A. 877, 880 (1914). *Cf.* Foster v. Schmitt, 429 Pa. 102, 239 A.2d 471 (1968); Silver v. Silver, 421 Pa. 533, 219 A.2d 659 (1966). We believe that since such a breach of confidence contains an element of fraud, this conduct can properly be described as tortious; therefore, this court could acquire *in personam* jurisdiction over a person charged with such conduct under Act No. 152, *supra.*

But, before we can say that this court has in fact acquired *in personam* jurisdiction in the case *sub judice,* it must not only appear that the defendant's conduct has brought her within the circumstances described in the state statute, it must further appear that the process was actually served in the manner prescribed by the state statute. Subsection 6 of Act No. 152, *supra,* specifically provides the manner in which service is to be made:

> "Such process shall be served, by the officer to whom the same shall be directed, upon the Secretary of the Commonwealth of the Commonwealth of Pennsylvania, by sending by registered mail, postage prepaid, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of the Commonwealth, addressed to such defendant at his last known address.
>
> ⁂ ⁂ ⁂ "

on, misdoing or tort; on account of misconduct; by virtue of or out of an illegal act."

In our present case service was not made upon the Secretary of Commonwealth as required by the state statute, but by having a United States Marshal personally serve the defendant.[7] The plaintiff has not complied with the requirement of the Pennsylvania statute; therefore, no valid service has been made. Bookout v. Beck, 354 F.2d 823 (9th Cir. 1965); Riverhouse Publishing Company v. Porter, 287 F.Supp. 1, 9 (D.C.R.I. 1968). For the above reason the service in this case was improper.

Finally, we come to plaintiff's contention that the defendant waived any objection she might have had to the service of process by having her attorney write to the plaintiff in Pennsylvania. Plaintiff cites no authority, and we can find none, which predicates a waiver upon such conduct. We hold that the defendant did not waive her rights by having her attorney write to the plaintiff.

Since the service of process in this case is defective, this court may quash the service and dismiss the complaint. Richardson v. Ingram Corp., 374 F.2d 502 (3d Cir. 1967). But since the complaint seems to set forth a cause of action sounding in tort, and because there is a reasonable prospect that the plaintiff may serve the defendant in accordance with the Pennsylvania "long-arm" statute cited above, the service of process will be ordered quashed, but the complaint will not be dismissed at this time. *Cf.* Aquascutum of London, Inc. v. S. S. American Champion, 426 F.2d 205, 210 (2d Cir. 1970); Etheridge v. Grove Manufacturing Company, 415 F.2d 1338 (6th Cir. 1969).

An appropriate order will be entered.

7. It is obvious from the plaintiff's brief that in serving process counsel proceeded under Rule 4(d) (1), Fed.R.Civ.P., and did not rely on the quoted Pennsylvania "long-arm" statute.