**FORD MOTOR CREDIT COMPANY,**
**Appellant,**

v.

**Lowell NANTZ et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

Richard D. Cooper, Hazard, for appellant.

A. E. Cornett, Hyden, for appellee.

CULLEN, Commissioner.

Lowell Nantz recovered judgment in the Leslie Circuit Court against Ford Motor Credit Company, a Delaware corporation, in the sum of $2,026.98, as damages for the wrongful repossession and invalid sale of a truck which Nantz had purchased under a conditional sale contract that subsequently had been assigned to the credit company. The counterclaim of the credit company, for an amount of some $2,500 alleged by it to be owed by Nantz as a deficiency on the purchase price, was dismissed by the judgment.

Appealing from the judgment, the credit company contends that the trial court erred (1) in overruling the credit company's motion to dismiss the action for lack of venue, and (2) in the awarding of damages to Nantz and the denial of recovery on the credit company's counterclaim.

The credit company (which as hereinabove mentioned is a foreign corporation) carried on regular business in Kentucky and by reason thereof had designated a process agent, in conformity with KRS 271.385, who was located in Jefferson County, Kentucky, and upon whom process against the corporation could have been served under that statute. However, Nantz did not cause process to be served under that statute, but instead obtained service under KRS 454.210, the "long-arm" statute which Kentucky adopted in 1968.[1]

Nantz maintains (and the circuit court presumably held) that he was entitled to bring his action in Leslie County, being the county in which he resided, by virtue of subsection (4) of KRS 454.210, which reads:

"(4) When the exercise of personal jurisdiction is authorized by this section, any action or suit may be brought in the county wherein the plaintiff resides or where the cause of action or any part thereof arose."

The appellant credit company argues, in effect, that the above subsection is limited in application to those cases in which the *only* way jurisdiction can be obtained against the particular foreign corporation is by authority of KRS 454.210, and that where, as in the instant case, the corporation has a process agent in the state, designated under KRS 271.385, by service upon whom jurisdiction of the corporation could be obtained under that statute, the matter of *venue* is controlled, not by subsection (4) of KRS 454.210, but by KRS 452.450. The latter statute requires the action to be brought in the county in which the corporation has an office, place of business, chief officer or agent, except that an action on a contract alternatively may be brought in the county in which the contract is made or is to be performed, and

---

1. The constitutionality of this statute is not put in question.

except that an action in tort alternatively may be brought in the county in which the tort is committed.

If KRS 452.450 were controlling here, the Leslie Circuit Court would not have venue, because none of the statutory requisites for such venue were met. (The contract was made in Laurel County, the payments were to be mailed to Virginia, and the repossession and sale took place in Laurel County).

■■ We do not concur in the credit company's construction of subsection (4) of KRS 454.210. It states that when the exercise of personal jurisdiction "is authorized" by KRS 454.210, the suit may be brought in the county in which the plaintiff resides. Plainly, exercise of personal jurisdiction is *authorized* under KRS 454.210 even though other methods of obtaining jurisdiction (such as through KRS 271.385) may be available. Cf. "Venue of Civil Actions in Kentucky." 60 Ky.Law Journal 497 @ 530. Subsection (2)(b) of KRS 454.210 puts certain limitations on assertable claims in cases where jurisdiction is "based solely" on KRS 454.210, but subsection (4) contains no such limitation of its application.

It is true that KRS 454.210 was designed to extend the permissible scope of jurisdiction over foreign corporations with minimal contacts in Kentucky. See Etheridge v. Grove Mfg. Co., 415 F.2d 1338. But there is nothing in the words of the statute to confine its *venue* provisions to those cases in the extended scope.

It is our conclusion that the Leslie Circuit Court had venue of this action.

As concerns the contentions with respect to the award of damages and the denial of the credit company's counterclaim for a deficiency in payments, it is sufficient to say that we find no error prejudicial to the substantial rights of the appellant.

The judgment is affirmed.

All concur.