HAVEN POINT ENTERPRISES,
INC., Movant,

v.

UNITED KENTUCKY BANK,
INC., Respondent.

Supreme Court of Kentucky.

May 23, 1985.

Larry E. Parrish, Parrish and Mulrooney, Memphis, Theodore H. Amshoff, Jr., Amshoff and Amshoff, Louisville, for movant.

Richard Frockt, Lester I. Adams, Jr., Louisville, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a decision which affirmed a default judgment granted to United Kentucky Bank which had the effect of voiding a $7.8 million attempted transfer to Haven Point Enterprises.

Haven Point seeks review of the decision of the Court of Appeals affirming the circuit court order overruling the motion of Haven Point under CR 60.02 to vacate and set aside the default judgment. The lawsuit involved an allegedly fraudulent or preferential conveyance of real estate and personal property. The issue is whether service by the Secretary of State is complete once the Secretary properly places in the mail the summons and complaint pursuant to KRS 454.210(3)(b). Stated another way, the question involves a difference between the application of the Kentucky long-arm statute, KRS 454.210, and service of process on a foreign corporation through its agent, KRS 271A.565.

The dispute is which method of obtaining personal jurisdiction is required as distinguished from which is preferred. Service of process so as to obtain personal jurisdiction can be accomplished by having the Secretary of State mail a copy of the summons and complaint to the defendant, but it can also be achieved by serving a statutory agent duly appointed and available within the state. The Court of Appeals determined that service was alternately available and that the presence of a statutory agent did not prevent the use of the Secretary of State as a designated agent for service of process. The crucial fact in this case is that the Secretary of State mailed a copy of the summons and complaint to Haven Point Enterprises but that the return receipt as requested was never received.

In 1982, the United Kentucky Bank filed a suit against Haven Point, a Florida corporation, demanding that a conveyance from Kenneth R. George and Alberta George to Haven Point be set aside as void and ineffective as to the bank. The complaint directed that service be made through the Secretary of State on the Florida corporation. The Secretary forwarded the summons and complaint by certified mail pursuant to KRS 454.210 and a return was made stating that the Secretary had not received the return receipt as requested or the undelivered letter. At all times, a Louisville attorney who had offices in the same building as the bank's lawyers, was the registered agent for service. He was never notified or served with any papers about the lawsuit.

No answer was filed for Haven Point, and on January 2, 1983, a default judgment was entered. A motion to set aside the default judgment was then filed by Haven Point, pursuant to CR 60.02, claiming that method of service was improper and consequently the trial court lacked the personal jurisdiction required for a default. The circuit judge overruled the motion. The Court of Appeals upheld the decision of the trial judge and this appeal followed.

This Court affirms the decision of the Court of Appeals and the trial court in its refusal to set aside the default judgment on the basis of CR 60.02. KRS 454.210 and KRS 271A.565 are alternate methods of obtaining personal service and the availability of a statutory agent within the state does not prevent the use of the Secretary of State as a designated agent for service of process in order to obtain personal jurisdiction.

In considering this matter we must first turn to the question of whether the trial judge abused his discretion in denying a motion filed pursuant to CR 60.02. Generally, relief against a default judgment is an extraordinary proceeding in which two major considerations must be made by the

trial judge in exercising discretion. They are whether the movant has had a fair opportunity to present his claim at the trial and whether the granting of the relief would be inequitable to the other parties. *Educator and Executive Insurers, Inc. v. Moore,* Ky., 505 S.W.2d 176 (1974); *Fortney v. Mahan,* Ky., 302 S.W.2d 842 (1957).

Here there is evidence in the form of the affidavit of the Secretary of State that the Secretary placed in the mail a summons and a copy of the complaint and that no receipt or returned mail was ever received by the Secretary. There is sufficient reason to believe that the Haven Point Enterprises received the mailed notice. The letter was properly addressed, stamped and mailed and it is presumed to have been delivered to the addressee. There is no affidavit or even suggestion from Haven Point indicating that the summons and complaint was not received in the mail.

Any inconclusiveness that might be argued as present in the record must be resolved against Haven Point. CR 12 makes lack of personal jurisdiction a defense which must be raised and proved or else it is considered to have been waived.

■ There is always a presumption that a communication that was properly stamped, addressed and deposited in the mail was received by the addressee. *See Commonwealth Life Insurance Co. v. Gault's Admr.,* 256 Ky. 625, 76 S.W.2d 618 (1934). Once the fact of address, stamp and deposit is proven, the burden shifts to the addressee to prove that he has never received the letter.

■ We must conclude that the principal argument of Haven Point that the manner of service of process was improper and therefore the trial court lacked personal jurisdiction necessary for a default judgment is without merit. The contention by Haven Point that its misinterpretation of the law of service amounts to excusable neglect is unconvincing. Haven Point's argument before the trial judge was never based on real excusable neglect or a meritorious defense to the complaint.

■ A signed, returned receipt is not necessary from the addressee as part of the return by the Secretary of State. KRS 454.210(3)(b). The statute says in part that the Secretary shall attach to the return the registry receipt, *if any.* The words "if any" emphasize the fact that recovery of a signed, returned receipt is not vital to the completion of service pursuant to the long-arm statute.

■ There is no conflict between KRS 454.210, the long-arm statute, and KRS 271A.565, Service of Process on a Foreign Corporation. One statute is not preferred over the other. Each confers personal jurisdiction. There is no contradiction or conflict in the two statutes and their methods of obtaining the desired result, the service of process on non-residents. KRS 271A.565 was enacted after KRS 454.210, although both now have the same effective date. It is always assumed that the General Assembly had knowledge of the existence of the earlier statute.

The argument by Haven Point that due process requires the kind of service which is most likely to result in actual notice is unconvincing. Personal jurisdiction is authorized under KRS 454.210, even though other methods of obtaining jurisdiction may be available. *Ford Motor Credit Co. v. Nantz,* Ky., 516 S.W.2d 840 (1974).

■ Personal jurisdiction was conferred in this case through the long-arm statute, even though there was a registered and available statutory agent for process at all times within the state. The two statutes are mutually inclusive and are not in conflict.

The trial court had personal jurisdiction over Haven Point when the default judgment was entered and it did not abuse its discretion in refusing to set aside the default judgment.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

AKER and VANCE, JJ., concur in result.