**COMMONWEALTH of Kentucky, Appellant,**

v.

**James FOX and Tonya Peters, Appellees.**

**No. 1999–SC–1109–DG.**

Supreme Court of Kentucky.

June 14, 2001.

Albert B. Chandler III, Attorney General, Perry T. Ryan, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Emily Holt, Assistant Public Advocate, Department of Public Advocacy, Dennis Stutsman, Department of Public Advocacy, Appellate Branch Manager, Frankfort, Counsel for Appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed an order by the circuit court suppressing the admission of evidence at a criminal trial.

The questions presented are whether the trial court and the Court of Appeals were correct in suppressing the evidence seized from the truck; whether the statutes prohibit police from stopping a vehicle on the basis of an observation of an unrestrained child; whether the officers had reasonable suspicion to stop the vehicle; whether the police were entitled to search the truck without a warrant and whether Peters has standing to object to the initial stop and search.

A Kentucky state trooper, a Beattyville police officer and a Lee county deputy sheriff were parked at a building near the Shell Mart in Beattyville. The trooper saw Fox park at the gas pumps, exit his truck, look up at the officers, then immediately get back into his truck and drive away. Though none of this behavior was a violation of law, the trooper noticed a small child standing between the driver and passenger seats in the truck. Because the child was not restrained properly, the trooper decided to stop Fox's truck. Peters was also in the vehicle. The trooper was familiar with Fox's prior drug charges. When the trooper stopped the

truck, the police officer asked Fox what was in some bags in the bed of his truck. According to the police officers, Fox gave his consent to search the bags. But Fox says he revoked consent. The police officer testified as follows:

I was standing next—Mr. Fox was standing in front of me. I asked him what was in the bag. I think he might have said clothes, or something to that effect. I asked him if he cared if I looked, and he said no. And he grabbed the bag and was opening it up. He was showing me some of the items that was in the bag. And, then, after that, he took the bag and pushed it back up to the front to where I couldn't see it. And I asked for the bag back. Since I'd seen the pill bottle in the bag, I was going to go through it.

The officers found prescription bottles, needles and various stolen items in the bag, then both Fox and Peters were arrested for various charges. No citation was issued for the failure to secure the child. The truck was owned by Fox's mother. The grand jury indicted both of them with complicity in receiving stolen property. Fox was also charged with driving without a license and driving without insurance.

Fox and Peters filed motions to suppress the evidence seized in a warrantless search of the truck, and the trial court ruled in favor of the defendants. The Court of Appeals affirmed the suppression of the evidence, holding that KRS 189.125(7) prohibits law enforcement officers from stopping an automobile solely for the failure to secure a child in a child restraint system which is required by KRS 189.125(3).

### I. The Stop

■ The requirements for use of seat belts was first enacted in 1962 and it has undergone a number of changes. In 1982, the General Assembly amended KRS 189.125 to require child restraint seats for children under 40 inches in height. The statute did not contain criminal or civil penalties at that time. In 1988, the General Assembly again amended the statute to the effect that failure to restrain a child under 40 inches in height in a vehicle became a crime. Then Section 2 and the amendment to then Section 6 read as follows:

(2) Any resident parent or legal guardian of a child, forty inches (40″) in height or less, when transporting his child in a motor truck owned by that parent or guardian operated on the roadways, streets and highways of this state, shall have such child properly secured in a child restraint system of a type meeting federal motor vehicle safety standards.

- - - - - - -

(6) The terms of subsection 2 of this section shall not apply if all seat positions in the pickup truck are occupied by persons other than a child of Forty (40) inches in height or less.

Omitted from the statute at that time was the prior language:

"KRS 189.990 and 189.993 to the contrary notwithstanding, there shall be no penalty for the violation of this section. No peace officer shall issue a uniform citation or any other citation, other than a warning, for a violation of this section nor shall any arrest be permitted for violation of this section."

Section 24 was added to KRS 189.990 so as to provide for a fine of $50 for a violation of KRS 189.125(2), not having a child in a restraint system.

In 1994, the General Assembly further added to section (3) and KRS 189.125 now provides in pertinent part:

(3) Any driver of a motor vehicle, when transporting a child of forty (40) inches in height or less in a motor vehicle operated on the roadways, streets, and highways of this state, shall have the child properly secured in a child restraint system of a type meeting federal motor vehicle safety standards.

- - - - - - -

(6) No person shall operate a motor vehicle manufactured after 1965 on the public roadways of this state unless the driver and all passengers are wearing a properly adjusted and fastened seat belt, unless the passenger is a child who is secured as required in subsection (3) of this section. . . .
(7) A peace officer shall not stop or seize a person nor issue a uniform citation for a violation of subsection (6) of this section if the officer has no other cause to stop or seize the person other than a violation of subsection (6) of this section.

KRS 189.990 still provides:

- - - - - - -

(24) Any person who violates the provisions of KRS 189.125(3) shall be fined fifty dollars ($50).

■ The attention given to seat belt safety requirement by the General Assembly demonstrates that the public policy has developed to a point where the protection of children has been declared and the intent to treat them differently from adults. It is a long standing rule that the legislature is presumed to know the consequences of its previous action when it enacts any amendments. *Haven Point Enterprises, Inc. v. United Kentucky Bank,* *Inc.,* Ky., 690 S.W.2d 393 (1985). It would appear that the legislature has developed a different position, more strict, in providing for the safety of children under 40 inches in vehicles.

■ KRS 189.125(3) creates a crime for failure to properly restrain a child less than 40 inches in height and the police may properly stop such a vehicle when they observe the violation of the statute. *See Whren v. U.S.,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), in which it was held that the temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective. However, police still may not stop such a vehicle when the only crime suspected is a failure to wear an adult safety belt system. KRS 189.125(7) does not apply to requirements for child restraint.

## II. The Search

■ The testimony at the suppression hearing indicated that Fox originally expressed a consent to the search, however, he rescinded that consent when he took the bag and pushed it back up to the front where the officer could not see it. The arrest occurred only after the consent to search had been rescinded. The trial judge concluded that although Fox initially gave permission for the police to look through the bag, when he closed the bag and put it in the back of the truck, he withdrew that consent. The trial judge indicated that the police probably needed a search warrant once the bag was closed by Fox and put in the back of the truck. We agree.

*Florida v. Jimeno,* 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), considered the scope of consent, and determined that the standard is one of objective reasonableness. That is, what would a reasonable person have understood by the exchange between the police and the suspect. We conclude, as did the trial judge, that a reasonable person would have understood that Fox was terminating the consent to search when he closed the bag and put it in the back of the truck. When the police noticed the prescription drug bottle, not an inherently contraband item, a search warrant was required to examine its contents. The decision of the trial judge to suppress the evidence and its affirmance by the Court of Appeals should not be disturbed because there was no abuse of discretion. *Freeman v. Commonwealth,* Ky., 425 S.W.2d 575 (1967). When Fox withdrew his consent to search, a search warrant should have been obtained. Thus the evidence was properly suppressed. The police admitted that they did not know who the pill box belonged to.

III. Peters Standing to Contest Search

█ Upon remand, if any further action is taken, we find that Peters does not have standing to contest the search of the truck. The trial judge held that Peters had standing to contest the search. We do not agree. Peters, as a passenger, did not have standing to object to the search of the vehicle. *See Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). We have originally determined that the stop or detention in this matter was legitimate.

The result reached by the Court of Appeals is affirmed in part because the evidence was properly suppressed when the consent to search was withdrawn. The Court of Appeals is reversed insofar as it holds that the stop was improper.

It is the decision of this Court that a law enforcement officer may stop a vehicle based solely upon a failure to secure a child of less than 40 inches in height in accordance with KRS 189.125.

All concur.