RENDERED: MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1891-MR

ZAHRA[1] SUN     APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.     HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 18-CI-01751

J.P. MORGAN CHASE BANK, N.A.;
JOSHUA B. CRAWFORD; ALEN
AHMETOVIC, FIDELITY
FINANCIAL;[2] WALTER DUKES;[3]
AND FIRST CITY MONUMENT, B.P.[4]     APPELLEES

---

[1] This is the spelling used in the body of the notice of appeal ("NOA"); therefore, although different spellings have been used throughout the proceedings, this is the spelling we choose to use in our Opinion.

[2] Fidelity Financial is identified with Alen Ahmetovic in the body of the NOA but does not appear in the record prior to the NOA.

[3] "Walter Dukes Estate" is also listed in the caption of the NOA, and as having appealed the orders with the other defendants, but is not listed as an appellee in the body of the NOA.

[4] The body of the NOA also listed Citibank N.A. ("Citibank") as an appellee. However, a motion panel of our Court dismissed Citibank as a party-appellee on July 8, 2020, as it was voluntarily dismissed from the underlying action on October 11, 2019.

<u>OPINION</u>
<u>AFFIRMING</u>

\*\* \*\* \*\* \*\* \*\*

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

DIXON, JUDGE:  Zahra Sun appeals from the order granting J.P. Morgan Chase

Bank, N.A., ("Chase") and Joshua B. Crawford judgment on the pleadings,

dismissing Sun's claims against them, as well as from the order denying Sun's

motion to set aside, alter, or vacate the judgment, entered by the Warren Circuit

Court on October 18, 2019, and December 4, 2019, respectively.  Following a

careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Sun was born and raised in Cambodia with no formal education.  In

1991, when she was approximately twenty years old, Sun moved to the United

States and began working in factories to support herself and her children.  Sun has

been a U.S. citizen for over ten years now but has difficulty reading and

communicating in English.

Sun was acquainted with a man by the name of Walter Dukes who

was employed by the U.S. Army.[5]  She was contacted on numerous occasions by a

man with the same name who purported to be her acquaintance and asked her to

---

[5]  It is unclear where Dukes resided as the complaint identifies "Walker [sic] Dukes Estate U.S. Army, Iran" and Sun's affidavit later states Dukes was in Iraq.

send him $10,000 with promises to repay.  On January 9, January 16, and February 20, 2018, Sun went to her local Chase Bank and requested transfers of $10,000 to Walter Dukes.[6]  The first two transfers to Dukes were performed by Chase employee Joshua B. Crawford, and the third transfer by then-Chase employee Alen Ahmetovic.[7]  The funds were transferred from Sun's Chase checking account to Citibank and then to Walter Dukes' account at First City Monument B.P. ("First City") in Nigeria.

After the final transfer to Dukes, Sun became aware that her funds were sent to Dukes' account in Nigeria rather than her acquaintance in either Iran or Iraq.  She also learned her acquaintance had passed away.  Sun requested Chase refund her account, but Chase refused.  Sun also contacted the police and informed them of the scheme perpetrated against her, but it appears they have not informed her of any further action taken on their part concerning this matter.

On December 28, 2018, Sun filed the instant action against Chase, Crawford, Ahmetovic, Walter Dukes of Nigeria, Citibank, First City, and the "Walker [sic] Dukes Estate," generally alleging fraud on the part of all defendants. On August 16, 2019, Chase and Crawford moved the trial court for a judgment on

---

[6]  Sun claims she requested a $10,000 transfer to Dukes on January 2, 2018, but only produced documentation of a $10,000 transfer from her checking to savings account.

[7]  Ahmetovic no longer works for Chase, but from his initial answer appears to still be employed in the banking industry as a branch manager.

the pleadings, in support of which they filed a ten-page memorandum of law with 132 pages of case law as exhibits. On September 12, 2019, Citibank moved the trial court for summary judgment. Sun responded to the motion for summary judgment requesting the hearing date be rescheduled. Counsel agreed to remand, reschedule, and re-notice these three motions for October 14, 2019.[8]

On October 11, 2019, the trial court entered an agreed order dismissing Citibank with prejudice, which was seen, agreed to, and signed by Sun's counsel. On October 14, 2019, the trial court held a hearing on Chase's and Crawford's motion for judgment on the pleadings as agreed by counsel. Sun's counsel failed to appear or object to this motion. Subsequently, the trial court granted Chase's and Crawford's motion via order entered on October 18, 2019.

On October 28, 2019, Sun moved the trial court to set aside, alter, or vacate its October 18, 2019, order claiming neither she nor her counsel received Chase's and Crawford's motion or memorandum with 132 pages of attachments and that counsel thought the reference to Chase's and Crawford's motion in the agreement remanding the hearing of same was in error. Counsel further claimed she was experiencing an optical nerve occlusion which contributed to her mistake.

---

[8] The three motions specifically listed in the joint remand pleading filed with the court were: (1) Chase's and Crawford's motion for judgment on the pleadings, (2) Citibank's motion for summary judgment, (3) and Sun's motion to reschedule the hearing date. An email has been produced from Sun's counsel's email account agreeing to this remand; however, counsel has denied sending same in an affidavit and subsequent pleadings. The trial court aptly found the affidavit and pleadings incredible.

-4-

On December 4, 2019, the trial court entered an order denying Sun's motion to set aside, alter, or vacate the October 18, 2019, order granting Chase's and Crawford's motion for judgment on the pleadings. This appeal followed.[9]

## STANDARD OF REVIEW

The standard of review of a ruling on a motion for judgment on the pleadings is well established:

> Kentucky's "Civil Rule [("CR")] 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings." *City of Pioneer Village v. Bullitt Cty*., 104 S.W.3d 757, 759 (Ky. 2003). A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Id.* "[T]he circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002). Further, CR 12.03 may be treated as a motion for summary judgment. *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc*., 360 S.W.3d 171, 177 (Ky. 2012). We review a judgment on the pleadings *de novo*. *Id.*

*Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

---

[9] After the notice of appeal was filed, Ahmetovic answered the complaint, filed an amended answer, moved for judgment on the pleadings, and filed a memorandum of law in support of his motion. On June 19, 2020, the trial court entered an order holding the open motions in abeyance pending resolution of this appeal.

## ANALYSIS

The crux of this appeal is whether the trial court correctly granted Chase's and Crawford's motion for judgment on the pleadings. We first point out that Sun failed to respond to this motion, appear for the hearing on the motion, or otherwise present an argument against or objection to the motion until *after* the trial court entered its order granting same. Sun then challenged the motion via CR 59.05. In its order denying Sun's motion, the trial court noted that Sun failed to meet any of the grounds to warrant reversal of the judgment, citing *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005). In *Guillion*, the Court held there are:

> four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Id.* For the reasons made clear in this Opinion, we agree with the trial court that Sun's motion for relief from the judgment was properly denied.

In *United Parcel Service Company v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999), Kentucky's highest court set forth the elements of a fraud claim:

> the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a)

material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury. *Wahba v. Don Corlett Motors, Inc*., [573 S.W.2d 357, 359 (Ky. App. 1978)].

It is enough to plead the time, place, and substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud. *Scott v. Farmers State Bank*, 410 S.W.2d 717 (Ky. 1966). This "does not require textbook pleading of all elements of fraud but requires merely that plaintiff set forth facts with sufficient particularity to apprise defendant fairly of charges against him." *Id*. at 722 (citations omitted).

Yet, review of Sun's complaint—which she has neither amended nor moved to amend—reveals fatal flaws in her failure to specifically plead her fraud claims against Chase and its employees, including Crawford. CR 9.02 provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Sun's complaint clearly fails to meet the heightened pleading standard for fraud required by CR 9.02. Sun's complaint appears to allege, but does not identify, an "affirmative misrepresentation" by Chase through its employees, including Crawford. Absent this first element, it is impossible to establish the other elements from which a cause of action for fraud might arise.

Nevertheless, in her motion to set aside, alter, or vacate, Sun presented her fraud claim against Chase and Crawford as:

> Defendant Chase and its agents did not help her in any reasonable way, did not explain the transfer process to her, and that she would probably not get her money back from the alleged "Walter Dukes," and how corrupt the Nigeria [sic] man possibly was.

The foregoing is essentially an allegation of fraud by omission. But "mere silence does not constitute fraud where it relates to facts open to common observation or discoverable by the exercise of ordinary diligence, or where means of information are as accessible to one party as to the other." *Bryant v. Troutman*, 287 S.W.2d 918, 920-21 (Ky. 1956) (citation omitted).

In *Hays v. Meyers*, 107 S.W. 287, 288 (Ky. 1908) (citation omitted), the Court held:

> It is a general rule that the mere failure of a party to a contract to disclose material facts—that is, mere silence without more—does not amount to fraud if no inquiry is made by the other party. Something must be said or done to conceal the truth, or there must be a partial or fragmentary statement, or else the relation of the parties or the nature of the subject-matter of the contract must be such as to impose a legal of [sic] equitable duty to disclose all material facts.

Here, as previously noted, Sun has not identified an affirmative misrepresentation by Chase or its employees, and she does not allege they told her a half-truth or otherwise partially disclosed material facts. The Chase employees were under no

-8-

duty to speak to or warn Sun concerning these transactions. Although one may argue for a good-faith modification, extension, or reversal of existing law, the law in this area is well-established. Accordingly, the trial court properly dismissed Sun's complaint against Chase and Crawford for her failure to specifically plead fraud claims against them.

Even so, Sun contends the failure of her and/or her counsel to receive notice of Chase's and Crawford's motion for judgment on the pleadings was sufficient ground to grant her motion to set aside, alter, or vacate the trial court's order. However, as the trial court pointed out in its order, this contention is belied by the record, which contains printed emails from Sun's counsel agreeing to remand said motion.

Further, "[t]here is always a presumption that a communication that was properly stamped, addressed and deposited in the mail was received by the addressee. Once the fact of address, stamp and deposit is proven, the burden shifts to the addressee to prove that he has never received the letter." *Haven Point Enters., Inc. v. United Kentucky Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985) (internal citation omitted). The motion for judgment on the pleadings contains a certificate of service, certifying that on August 19, 2019, a copy of the motion was served via U.S. mail on Sun's counsel. Although the memorandum of law and its exhibits do not contain a similar certificate of service, Sun's counsel should have

been apprised of their filing as the motion clearly states that a memorandum of law was tendered with it.

Additionally, Sun's counsel argues the judgment on the pleadings should be set aside because she has an optical nerve occlusion which caused her to inaccurately read the emails in which she agreed to the joint remand. In Kentucky, it is a rule that "a party who can read and has an opportunity to read the contract which he signs must stand by the words of his contract, unless he is misled as to the nature of the writing which he signs, or his signature is obtained by fraud." *Clark v. Brewer*, 329 S.W.2d 384, 386 (Ky. 1959) (citation omitted). Sun's counsel did not claim to be misled by the email, nor was the email from her account fraudulently procured by an opposing party. Rather, Sun's counsel claims the email was wrongfully sent by her *own* secretary. Attorneys have a duty to supervise those who work for them; thus, Sun's counsel is responsible for her secretary's actions. As such, Sun and her counsel are bound by their agreement. In the event she was physically unable to read the documents, she still had a duty to have them read to her. Accordingly, the trial court did not err in refusing to set aside the agreement of the parties to reschedule the hearing on the motions or its judgment.[10]

---

[10]  Because we affirm the trial court on these grounds, we need not address the parties' arguments that Sun's claims are preempted by the Uniform Commercial Code.

**CONCLUSION**

Therefore, and for the foregoing reasons, the orders of the Warren Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Nancy Oliver Roberts
Bowling Green, Kentucky

BRIEF FOR APPELLEES J.P.
MORGAN CHASE BANK, N.A.
AND JOSHUA B. CRAWFORD:

Gregory S. Berman
Jordan M. White
Thomas E. Travis
Louisville, Kentucky